UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re: Robyn Bounds )
) Case No. 10-43909
)
) Chapter 13
Debtor )
) Confirmation Hearing
) 9:00 Courtroom 5 North
) September 16, 2010
) Judge Schermer
)

FIRST AMENDED CHAPTER 13 PLAN

PAYMENTS. Debtor is to pay to the Chapter 13 Trustee the sum of the following amounts: (complete one of the following payment options)

$370.00.00 per month for the first two months and thereafter $148.00 for the next 46 months.

In addition, Debtor shall pay to the Trustee, and the plan base shall be increased by the following:

(1) Debtor shall send any tax refund received during the plan to the Trustee; however, debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain from such refunds the lesser of the sum of two monthly plan payments or $600 from such tax refunds, each year, for necessities. (2) Fifty percent of any distribution paid or payable to the debtor from debtor's pension plan or as an employee bonus. (3) Additional lump sum(s) consisting of _____, if any, to be paid to the Trustee.

A minimum of 0% will be paid to non-priority unsecured creditors.

DISBURSEMENTS. Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors. All disbursements by the Trustee to be made pro-rata by class, except per month disbursements described below:

1. Trustee and Court Fees. Pay Trustee a percent of all disbursements as allowed by law [and pay filing fee in the amount of $274.00]

2. <u>Executory Contract/Lease Arrearages</u>. Trustee to cure pre-petition arrearage on any executory contract accepted in paragraphs 3(A or B) over the following period, estimated as follows:

CREDITOR NAME                 TOTAL AMOUNT DUE       CURE PERIOD

3. Pay sub-paragraphs concurrently:

   (A) <u>Post-petition real property lease payments.</u> Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:

CREDITOR NAME           MONTHLY PAYMENT       BY DEBTOR/TRUSTEE

   (B) <u>Post-petition personal property lease payments</u>. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:

CREDITOR NAME           MONTHLY PAYMENT       EST MONTHS REMAINING

   (C) <u>Continuing Debt Payments (including post-petition mortgage payments on real estate other than Debtor's residence )</u> Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph ___ below.

CREDITOR NAME                       MONTHLY PAYMENT
   Sallie Mae (student loan)               $85.00
      (account number 99059673282000120060616)

   Sallie Mae (student loan)               $30.00
      (account number 99059673282000220070110)

   (D) <u>Post-petition mortgage payments on Debtor's residence.</u> Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence to be at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

CREDITOR NAME           MONTHLY PAYMENT           BY DEBTOR/TRUSTEE
   Vanderbilt Mortgage     $215.00                          Debtor
   (Mobile home payment)

   (E) <u>DSO Claims in equal installments.</u> Pay the following pre-petition domestic support obligation arrears in full in equal monthly installments over the life of the plan, estimated as:

CREDITOR NAME                TOTAL AMOUNT DUE       INTEREST RATE
     No pre-petition claims

4. <u>Attorney Fees</u>. Pay Debtor's attorney $2,000 ($2000- $0 already paid) in equal monthly payments over 18 months. Any additional fees allowed by the Court shall be paid pursuant to paragraph 6 below. [See procedures manual for limitations on use of this paragraph]

5. Pay sub-paragraphs concurrently:

   (A) <u>Pre-petition arrears on secured claims paid in paragraph 3</u>. Pay arrearage on debt secured by liens on real property in equal monthly installments over the period and with the interest rate identified below, estimated as follows:
   CREDITOR NAME    TOTAL AMOUNT DUE          CURE PERIOD    INTEREST RATE
       none

   (B) <u>Secured claims to be paid in full.</u> The following claims shall be paid in full in equal monthly payments over the period set forth below with 6.34% interest.
   CREDITOR              EST BALANCE DUE    REPAY PERIOD        TOTAL w/ INTEREST

   (C) <u>Secured claims subject to modification.</u> Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with 6.34% interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 7(A), estimated as set forth below:
   CREDITOR              BALANCE DUE      FMV       REPAY PER.    TOTAL

   (D) <u>Co-debtor guaranteed debt paid in equal monthly installments</u>. The following co-debtor guaranteed claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in equal monthly installments over the period and with interest as identified below.
   CREDITOR EST BALANCE TRUSTEE/CO-DEBTOR PERIOD INT. RATE

6. Pay $300 of debtor's attorney's fees and any additional attorney fees allowed by the Court.

7. Pay sub-paragraphs concurrently:

   (A) <u>Unsecured Co-debtor guaranteed claims</u>. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below.
   CREDITOR NAME    EST TOTAL DUE       TRUSTEE/CO-DEBTOR    INTEREST RATE

   (B) <u>Assigned DSO Claims</u>. Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, to be paid a fixed amount with the balance to be owed by the Debtor(s) after completion of the Plan, pursuant to §§ 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid directly by Debtor(s).
   CREDITOR           TOTAL DUE      TOTAL AMOUNT PAID BY TRUSTEE

8. <u>Priority Claims.</u> Pay the following priority claims allowed under 11 U.S.C. section 507 in full, estimated as follows:

    CREDITOR NAME                   TOTAL AMOUNT DUE

9. Pay the following sub-paragraphs concurrently:

    (A) <u>General Unsecured Claims.</u> Pay non-priority, unsecured creditors. Estimated total owed: $39,675.00. Estimated amount available $0. Estimated repayment in Chapter 7: $0.00. Amount required to be paid to non-priority unsecured creditors as determined by 1325(b) calculation: $0.

    (B) <u>Surrender of Collateral.</u> Debtor proposes to surrender the following collateral to the following creditor(s) with any deficiency paid as non-priority unsecured debt:

    CREDITOR                       COLLATERAL

MO Valley Fed. CU                 2005 Chevrolet Malibu

    (C) <u>Rejected Executory Contracts/Leases.</u> Debtor rejects the following executory contract(s) with the following creditor(s). Any balance to be paid as non-priority unsecured debt.:

    CREDITOR         CONTRACT/LEASE

10. Other:

11. All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section 1328. However, the Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the Court enters an order granting the Debtor's request to avoid the liens.

12. Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such Claimant.

13. Title to Debtor's property to re-vest in Debtor upon confirmation. Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

14. Any post-petition claims filed and allowed under 11 U.S.C. section 1305 may be paid through the plan.

CREDITOR'S NOTICE: YOU MUST FILE A CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED HEREIN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM. IN COMPLIANCE WITH ORDER OF THE COURT, ABSENT A SPECIFIC ORDER OF THE COURT TO THE CONTRARY, THE CHAPTER 13 TRUSTEE, RATHER THAN THE DEBTOR, WILL MAKE ALL PRE-CONFIRMATION DISBURSEMENTS PURSUANT TO SECTION 1326(a). ALL CREDITORS ENTITLED TO PRE-CONFIRMATION DISBURSEMENTS, INCLUDING LEASE CREDITORS, MUST FILE A PROOF OF CLAIM TO BE ENTITLED TO RECEIVE SUCH PAYMENTS FROM THE CHAPTER 13 TRUSTEE. PURSUANT TO LOCAL RULE, THE PROOF OF CLAIM SHALL CONTROL THE VALUATION OF COLLATERAL AND ANY VALUATION STATED IN THE PLAN SHALL NOT BE BINDING ON THE CREDITOR.

DATE: /s/ 8/12/10          DEBTOR: /s/ Robyn Bounds

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## ST. LOUIS DIVISION

IN RE: **Robyn Bounds**  CASE NO. **10-43909**

CHAPTER **13**

## Certificate of Service

ERTIFICATE OF SERVICE

I certify that a copy of the attached second amended plan was sent by electronic notice or mailed postage pre-paid on or before August 20, 2010 to the following parties:

Office of the US Trustee, 111 S 10th St., 6th Fl, St. Louis, MO 63102

Date: 8/20/10

Douglas M. Heagler
Attorney for the Debtor(s)

| | | |
|---|---|---|
| ACCOUNT RESOLUTION COR<br>xxx8202<br>17600 CHESTERFIELD AIRPO<br>CHESTERFIELD, MO 63005 | Direct TV<br>xxxx<br>P.O. Box 78626<br>Phoenix, AZ 85062 | FIRSTSOURCE FIN SOLUTI<br>xxx5120<br>7650 MAGNA DR<br>BELLEVILLE, IL 62223 |
| ALLIED INTERSTATE INC<br>xxxxx7401<br>435 FORD RD STE 800<br>MINNEAPOLIS, MN 55426 | Dr. Robert Bradshaw<br>xxxx<br>Ste 130, 107 Piper Hill D<br>Saint Peters, MO 63376 | IRS<br>Insolvency<br>P.O. Box 66778<br>Stop 5334STL<br>St. Louis, MO 63166 |
| American Medical Collections Agency<br>xxxx<br>P.O. Box 1235<br>Elmsford, NY 10523 | FIRSTSOURCE FIN SOLUTI<br>xxx6662<br>7650 MAGNA DR<br>BELLEVILLE, IL 62223 | KOHLS/CHASE<br>xxxxxxxx5852<br>N56 W 17000 RIDGEWOOD DR<br>MENOMONEE FALLS, WI 53051 |
| Centurytel Phone<br>xxxx<br>Attn: Billing<br>P.O. box 4300<br>Carol Stream, IL 60197 | FIRSTSOURCE FIN SOLUTI<br>xxx8997<br>7650 MAGNA DR<br>BELLEVILLE, IL 62223 | LVNV FUNDING LLC<br>xxxxxxxxxxx5316<br>PO BOX 740281<br>HOUSTON, TX 77274 |
| Cuivre River Electric Coop<br>xxxx<br>1112 Cherry St.<br>Troy, MO 63379 | FIRSTSOURCE FIN SOLUTI<br>xxx6642<br>7650 MAGNA DR<br>BELLEVILLE, IL 62223 | Mercy<br>xxxx<br>Sisters of Mercy Health<br>P.O. Box 6424<br>Chesterfield, MO 63006 |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### ST. LOUIS DIVISION

IN RE: **Robyn Bounds**  CASE NO. **10-43909**

CHAPTER **13**

## Certificate of Service

(Continuation Sheet #1)

---

Mercy Health Plans
xxxx
14528 South Outer 40 Rd.
Chesterfield, MO 63017

Mercy Medical Group
xxxx
615 S. New Ballas Road
Saint Louis, MO 63141

Missouri Department of Revenue
Bankruptcy Unit
P.O. Box 475
301 W. High Street
Jefferson City, MO 65105-0475

MO VALLEY
xxxxxxxxxxx1806
7900 MEXICO RD.
ST. PETERS, MO 63376

Quest Diagnostics
xxxx
P.O. Box 740698
Cincinnati, OH 45274

Saint charles clinic medical group
xxxx
2850 West Clay
Saint Charles, MO 63301

SALLIE MAE
xxxxxxxxxxxxxxxxxx0616
PO BOX 9500
WILKES-BARRE, PA 18773

SALLIE MAE
xxxxxxxxxxxxxxxxxx0110
PO BOX 9500
WILKES-BARRE, PA 18773

SALLIE MAE
xxxxxxxxxxxxxxxxxx0920
PO BOX 9500
WILKES-BARRE, PA 18773

Sprint PCS
xxxx
P.O. Box 2200
Bedford Park, IL

SSM
Patient Accounts
1015 Corporate Square Drive
St. Louis, MO 63132

US Bank
xxxx
P.O. Box 5227
Cincinnati, OH 45201

VANDERBILT MORTGAGE
xx7163
PO BOX 15170
KNOXVILLE, TN 37901

Waste Management
xxxx
7320 Hall Street
Saint Louis, MO 63147